UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

PABLO PAUL ESPINOZA,

    Petitioner,

v.                                                Case No. 2:15-CV-94
                                                HON. PAUL L. MALONEY

JEFFREY WOODS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner filed this § 2254 petition for a writ of habeas corpus challenging the validity of his state court conviction for violations of his constitutional rights. On January 23, 2014, Petitioner pleaded guilty to malicious destruction of personal property of $1,000 or more, but less than $20,000 (MICH. COMP. LAWS § 750.377a(1)(b)(i)), as a second habitual offender (MICH. COMP. LAWS § 769.10). PageID.1. Petitioner was sentenced to sixty to ninety months imprisonment. Petitioner remains in the custody of the Michigan Department of Corrections (MDOC).

After his trial, Petitioner filed an application for leave to appeal to the Michigan Court of Appeals. PageID.3. The appellate court affirmed his conviction and denied his claims on November 18, 2014. PageID.2. Petitioner then appealed to the Michigan Supreme Court, who denied his appeal on April 28, 2015. PageID.2. Petitioner did not appeal to the United States Supreme Court, nor did he file a motion for relief from judgment in the state courts. PageID.3. Instead, he filed a habeas petition in this Court on July 15, 2015. ECF No. 1.

Petitioner maintains that his conviction was based on violations of his state and

federal rights. Petitioner sets forth two claims for relief in his habeas petition:

> [1] The court violated Defendant's due process rights by sentencing defendant above the sentencing guidelines range without adequately explaining the degree of departure;
>
> [2] furthermore, defense trial counsel was constitutionally ineffective in agreeing to the departure.

PageID.5. Respondent filed an answer to Petitioner's habeas application on May 20, 2016. ECF No. 14. Petitioner did not file a reply. The matter is now ready for a decision.

Petitioner filed this petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996. PUB. L. 104-132, 110 STAT. 1214 (AEDPA); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002) (noting that AEDPA prevents federal habeas "retrials" and ensures state convictions are made under state law). 28 U.S.C. § 2254(d) provides that any habeas application by a person in state custody shall not be granted in regards to any claim that has previously been adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

This Court may only consider "clearly established holdings" of the Supreme Court, not lower federal courts, in analyzing a petitioner's claim under § 2254. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). A decision of the state court may only be overturned if: (1) it applies a rule contradicting Supreme

Court governing law, (2) it contradicts a set of facts materially indistinguishable from a Supreme Court decision, (3) it unreasonably applies correct Supreme Court precedent to the facts of the case, (4) it unreasonably extends Supreme Court legal principles where it should not apply, or (5) it unreasonably refuses to extend Supreme Court legal principle where it should apply. *Bailey*, 271 F.3d at 655; *see also Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" simply because that court decides, in its own judgment, that the relevant state decision applied federal law incorrectly. *Williams*, 529 U.S. at 410-11 (noting that it must instead determine if the state court's application of clearly established federal law was "objectively unreasonable"). This Court defers to state court decisions when the state court addressed the merits of petitioner's claim. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000); *see Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (allowing review of habeas application *de novo* when state court clearly did not reach the question). When applying AEDPA to state factual findings, factual issues by state courts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429.

Petitioner's first claim is that the sentencing court violated his due process rights by sentencing him above the guideline range without sufficiently explaining the reason for the departure. PageID.5. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). Claims concerning departures from the sentencing guidelines are issues of state law that are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d

298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law).  There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978).  Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 Fed. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)); *see also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted).  A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 Fed. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741

(1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 Fed. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485. For instance, the statute Petitioner was convicted of (M.C.L. § 750.377a(1)(b)(i)) indicates that a person guilty of that offense shall be imprisoned not more than five years (sixty months). Moreover, because Petitioner pleaded guilty to being a second habitual offender under M.C.L. § 769.10(a), his maximum possible sentence was seven and a half years (ninety months). PageID.112, 125-126. Further, Petitioner does not argue that the facts found by the court at sentencing were either materially false or based on false information. *Tucker*, 404 U.S. at 447. Instead, Petitioner argues only that the court's sentencing findings were not sufficiently explained. Such claims clearly fall far short of the sort of egregious circumstances implicating due process. As a result, the undersigned recommends that this claim be denied.

Petitioner's second claim is that his trial counsel was ineffective by failing to object to the prosecutor's request for an upward departure. PageID.5-6. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by

which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

In support of his ineffective assistance of counsel argument, Petitioner references the portion of the sentencing transcript in which his trial attorney explicitly fails to object to the upward departure requested by the prosecutor:

> <u>Prosecutor</u>: On the other hand, I think there are other objective and verifiable reasons to depart upwards, one of which being that the Defendant has obviously not been rehabilitated by any of his prior incarceration of probation.
>
> Two, the nature of the offenses. They're all of a violent or of a harassing nature.
>
> And, third and finally, the nature of the present offense, and that is

>that it's a repeated kind; in that, he kept going back and painting swastikas. Any of those three, especially the first one, is an objective and verifiable and provable substantial and compelling reason to depart upwards.
>
><u>Court</u>: Ms. Gary, you are indicating that you and your client have no objection to the recommendation. Is that correct?
>
><u>Defense Counsel</u>: My client did not have an objection. His concern was that he knows that he needs some treatment, and he's not giving himself the proper treatment when he's outside the system. And he wants to take responsibility for his actions but at the same time make sure he's being treated properly and receiving the medications he needs to receive to keep him in a stable – stable state so that he can be productive, and he doesn't find himself being that, that stable when he's outside.
>
><u>Court</u>: All right. But in terms of the departure from the guidelines, there is not an objection there?
>
><u>Defense Counsel</u>: No, Your Honor.

PageID.125, 127. Petitioner claims that his counsel performed deficiently by failing to object to the upward departure recommended by the prosecutor at sentencing.

However, after reading the sentencing transcript, the undersigned agrees with the Michigan Court of Appeals that this claim lacks merit. PageID.142. It is clear that Petitioner's attorney did not object to the upward departure because, after conferring with Petitioner, *Petitioner told her* not to object. PageID.127 ("My client did not have an objection" to the upward departure). An attorney does not perform deficiently when she acquiesces to her client's chosen course of action, even if it appears adverse to the client. *See, e.g., Cowans v. Bagley*, 639 F.3d 241, 249-50 (6th Cir. 2011) (noting counsel was not ineffective when he did not present mitigating evidence at the defendant's request). Moreover, Petitioner has not refuted the statements his attorney made on his behalf at sentencing—that Petitioner did not object to the

upward departure because he knew he needed treatment that he was not getting outside of the system. PageID.127. As a result, Petitioner has not shown that his attorney performed deficiently.

When a petitioner fails to make a sufficient showing regarding one of two *Strickland* prongs, the Courts need not address the other prong. *Strickland*, 466 U.S. at 697. Because Petitioner has not demonstrated that his attorney performed deficiently, the undersigned need not address the issue of prejudice. As a result, the undersigned recommends that this claim be denied.

Overall, the undersigned concludes that all of Petitioner's claims are without merit. Should Petitioner choose to appeal this action, the Court must determine whether a certificate of appealability may be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Each issue must be considered under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The undersigned examined each of Petitioner's claims under the *Slack* standard and concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, this Court recommends that a **CERTIFICATE OF APPEALABILITY BE DENIED** as to each issue raised by Petitioner.

For the same reasons the undersigned recommends dismissal of this action, the undersigned certifies that any appeal by Petitioner would be frivolous and not taken in good faith,

pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24.  Therefore, it is recommended that any application by Petitioner for leave to proceed *in forma pauperis* on appeal be **DENIED**.

In summary, the undersigned recommends that Petitioner's habeas claims, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED WITH PREJUDICE**.

**NOTICE TO PARTIES**: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Date:  ___7/25/2016__                             _/s/ *Timothy P. Greeley*_____
                                                  HON. TIMOTHY P. GREELEY
                                                  UNITED STATES MAGISTRATE JUDGE